UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IMAD ALSHAIBANI, et al.,

    **Plaintiffs,**

v.

Case No. 2:12-CV-063
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

LITTON LOAN SERVICING, LP,

    **Defendant.**

## OPINION & ORDER

This matter is before the Court on Defendant Litton Loan Servicing, LP's Motion to Dismiss Plaintiffs' First Amended Complaint or in the Alternative for More Definite Statement and Brief in Support (Doc. 7), Plaintiffs Imad Alshaibani and Tiffany Bailey's Motion for Non-Oral Hearing on Defendant's Motion to Dismiss (Doc. 11), and Plaintiffs' Motion for Leave to File Brief in Opposition to Defendant's Motion for More Definite Statement (Doc. 15). For the reasons that follow, the Defendant's motion to dismiss (Doc. 7) is **GRANTED** and the Plaintiffs' motions (Docs. 11 & 15) are **DENIED as MOOT**.

### I. BACKGROUND

Plaintiffs Imad Alshaibani and Tiffany Bailey bring this action against Defendant Litton Loan Servicing, LP ("Litton"), asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, negligent accounting, and violations of the Ohio Consumer Sales Practices Act. The entirety of Plaintiffs' substantive factual allegations, as stated in the Amended Complaint, are as follows:

> 6. On October 22, 2001, Plaintiffs entered into a written mortgage contract with an outfit called Magellan Mortgage Corp. ("the Mortgage") (A copy of the mortgage contract is attached hereto as Exh. "A"). The mortgage has been assigned several times, and it is believed it is now assigned to Wells Fargo Bank, N.A.
>
> 7. Paragraph 2 of the Mortgage establishes the procedures any assignee or servicer of the Mortgage must follow with respect to any payment Plaintiffs were to make under the Mortgage. ("Payment" or "Payments").
>
> 8. At some point in time, Defendant became the servicer of the Mortgage and began collecting Payments.
>
> 9. Plaintiffs made timely Payments to Defendant.
>
> 10. Plaintiffs on more than one occasion paid additional monies than the regular monthly Payment. As of the date of the filing of this amended complaint, Plaintiffs have been unable to retrieve the cancelled checks evidencing this because some of these payments go back to 2008.
>
> 11. Upon information and belief, Defendant has not applied Payments in accordance with the terms of the Mortgage. In addition, Defendant has charged Plaintiffs fees it was not entitled to charge under any circumstance, for example, on numerous occasions, Defendant charged Plaintiffs improper "corporate fees;" improper "forbearance suspense" fees; and improper late fees.

(Am. Compl. ¶¶ 6–11.) Plaintiffs note that the "date Defendant began to service Plaintiff's Mortgage will be borne out in written discovery," and that with regard to the "improper 'corporate fees'" that Defendant charged, "Defendant can easily ascertain the dates it charged these fees . . . as the charges appeared on Defendants' own documents it sent to Plaintiffs." (*Id.* ¶¶ 8 n.1, 11 n.2.)

Plaintiffs originally brought this action in the Franklin County Court of Common Pleas on December 21, 2011, seeking compensatory and punitive damages, civil penalties, and attorneys' fees. Litton removed the action to this Court on January 20, 2012, pursuant to diversity jurisdiction conferred by 28 U.S.C. § 1332. Litton now moves for dismissal of all

claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Litton moves for a more definite statement pursuant to Rule 12(e).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of a claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted). "If there is an absence of law to support the type of claim made, or if the facts alleged are insufficient to state a valid claim, or if on the face of the complaint there is an insurmountable bar to relief, dismissal of the action is proper." *Bucy v. Aurora Loan Servs., LLC*, No. 2:10-cv-1050, 2011 WL 1044045, at *1 (S.D. Ohio Mar. 18, 2011) (citing *Ranch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

## III. DISCUSSION

Litton seeks dismissal of all five of Plaintiffs' claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) negligent accounting; and (5) violations of the Ohio Consumer Sales Practices Act.

**A. Breach of Contract (Count I)**

In Count I, Plaintiffs allege that Litton breached the mortgage contract by "failing to apply Plaintiffs' [p]ayments in accordance with the terms of the [m]ortgage." (Am. Compl. ¶ 19.) To establish a breach of contract claim under Ohio law, a plaintiff must establish: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Jarupan v. Hanna*, 878 N.E.2d 66, 73 (Ohio Ct. App. 2007). "A party breaches a contract if [it] fails to perform according to the terms of the contract or acts in a manner that is contrary to its provisions." *Savedoff*, 524 F.3d at 762.

At issue in the present case is the existence of a contract. Litton contends that it was only a former servicer of the mortgage in this case, and thus not a contractual party to the mortgage contract. Plaintiffs originally alleged that a contract was formed because Plaintiffs made payments on the mortgage to Litton, which Litton accepted. In their opposition brief, however, Plaintiffs appear to abandon this claim and instead rely on a portion of paragraph 20 of the mortgage, which provides:

> If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

4

(Am. Compl. Ex. 1, at 10.) Plaintiffs rely on this provision to establish the existence of a contract between themselves and Litton, because Litton, "in its own motion to dismiss admits on two occasions that it is or was the servicer of Plaintiffs' loan." (Doc. 10, at 3.)

There is nothing in paragraph 20 of the mortgage, however, that purports to make the loan servicer a party to the note. There is also no evidence that Litton or the prior servicer were assigned the note or otherwise became the owner or holder of the note. The provision simply states that the maker of the note retains the right to sell the servicing rights separate from the ownership of the note. Fundamentally, Plaintiffs have not alleged any basis for a contract arising between them and Litton. Absent a contract, there can be no breach of contract.

Moreover, Plaintiffs fail to allege basic facts such as what payments were made, which payments were not credited, the basis for any claim of misapplication, and what fees they contend were improper. Plaintiffs make only vague legal conclusions that there was a misapplication of payments at some unspecified time, and that such conduct breaches an alleged contract, which Plaintiffs have not established exists between themselves and Litton. Plaintiffs have not pled "factual content that allows the [C]ourt to draw the reasonable inference that [Litton] is liable" for breach of contract, as alleged. *Iqbal*, 129 S. Ct. at 1955. Accordingly, Count I is dismissed.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count II)

Count II, which asserts a claim for breach of the implied covenant of good faith and fair dealing, likewise fails to state a claim upon which relief can be granted. Plaintiffs allege that "Defendant was and is obligated by either contract or common law to act in good faith and to deal fairly with Plaintiffs" and that "Defendant has routinely and regularly breached [this duty] . . . by (a) failing to perform loan servicing functions consistent with its responsibilities to

5

Plaintiffs; (b) failing to properly supervise its agents and employees; (c) failing to follow through on written, verbal, and implied promises; (d) failing to apply [p]ayments in accordance with the[m]ortgage; and (e) failing to properly apply [p]ayments in accordance with any other contractual obligations." (Am. Compl. ¶¶ 23, 25.)

Count II fails for at least two reasons. First, in Ohio, a claim for a violation of the duty of good faith and fair dealing cannot stand alone as a separate cause of action apart from a claim for breach of contract. *See McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11-cv-547, 2012 WL 140218, at *5 (S.D. Ohio Jan. 18, 2012); *Lakota Local Sch. Dist. Bd. of Educ. v. Brickner*, 671 N.E.2d 578, 584 (Ohio Ct. App. 1996). Second, as noted by Litton, a claim of breach of the duty of good faith and fair dealing is "inextricably connected with the contract on which it is based." *CUC Props., LLC v. 1680 Carillon, LLC*, No. 1:12cv71, 2012 WL 3023250, at *3 (S.D. Ohio July 24, 2012). Despite the Plaintiffs' allegation that a duty was breached by Litton's alleged misapplication of payments, Plaintiffs have not pleaded the fundamental existence of a contract between themselves and Litton. Without establishing the existence of a contract, Plaintiffs cannot specify which duties or obligations Litton breached. Therefore, because the Court has dismissed Plaintiffs' breach of contract claim, the Court also dismisses Count II.

## C. Unjust Enrichment (Count III)

Count III, which asserts a claim for unjust enrichment, also fails to state a claim upon which relief can be granted. Under Ohio law, a successful claim of unjust enrichment requires a plaintiff to establish that: "(1) a benefit has been conferred by a plaintiff upon a defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment." *Desai v. Franklin*, 895 N.E.2d 875, 882 (Ohio Ct. App. 2008). "Unjust enrichment occurs when a person 'has and

6

retains money or benefits which in justice and equity belong to another.'" *Id.* (quoting *Hummel v. Hummel*, 14 N.E.2d 293, 927 (Ohio 1938)).

In their Amended Complaint, Plaintiffs allege that Litton benefitted from "certain payments" by Plaintiffs and Litton "further benefited when it did not properly apply the [p]ayments in accordance with Plaintiffs' existing loan documents and otherwise diverted said [p]ayments and certain other payments . . . to [Litton's] own enjoyment and use." (Am. Compl. ¶ 30.) Similar to their breach of contract claim, Plaintiffs allege no specific facts suggesting what payments were made, when payments were made, and which payments were not credited. Plaintiffs have therefore failed to allege with particularity any circumstances constituting unjust enrichment. Accordingly, Count III is dismissed.

### D. Negligent Accounting (Count IV)

In Count IV, Plaintiffs allege that Litton "owed either an express or implied duty to Plaintiffs to properly account for and apply [p]ayments," and Litton "breached this duty by failing to properly account for and apply [p]ayments." (Am. Compl. ¶¶ 35–36.) In its motion to dismiss, Litton interprets this claim as one for an equitable accounting, which is an extraordinary remedy available only when legal remedies are inadequate. *See Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972). In their opposition brief, Plaintiffs simply contend that Count IV is an affirmative claim for money damages, and that it should not be dismissed.

Plaintiffs, however, have not pleaded the existence of a duty, breach of that duty by Litton, or proximate causation between breach of that duty and Plaintiffs' alleged injuries. Plaintiffs only allege that unspecified payments were misapplied by Litton in an unspecified manner. This claim amounts to nothing more than a legal conclusion couched as a factual allegation. Accordingly, Count IV is dismissed.

7

### E. Violations of the Ohio Consumer Sales Practices Act (Count V)

In Count V, Plaintiffs allege that Litton violated the Ohio Consumer Sales Practices Act ("OCSPA"), specifically Ohio Revised Code §§ "1345.02, 1345.03, and/or 1345.031(A), 1345.031(B)(7), and/or 1345.091(A) by, among other things, failing to properly apply payments in accordance with contractual requirements." (Am. Compl. ¶ 40.) Litton contends that Count V fails as a matter of law because Plaintiffs' interactions with Litton do not constitute a "consumer transaction," and regardless, Plaintiffs have not pleaded any facts that would support an OCSPA claim.

The OCSPA provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). The OCSPA defines the term "consumer transaction" as "a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." *Id.* § 1345.01(A). The definition of "consumer transaction," however, specifically excludes transactions between "financial institutions" and their customers. *Id.* Among the list of exempted "financial institutions" is "a bank, banking association, trust company, savings and loan association, savings bank or other banking institution that is incorporated or organized under the laws of any state." *Id.* § 5725.01(A)(3). As financial institutions such as national and state banks are included within the definitions established by § 5725.01, Plaintiffs' OCSPA claim fails as a matter of law because the "consumer transaction" at issue is a mortgage contract with a bank.

Even if the Court were to find that the OCSPA applies in this case, Plaintiffs have failed to state any facts alleging that Litton violated the OCSPA. Instead, Plaintiffs merely allege that

8

Litton "engaged in a pattern and practice of unfair, deceptive and unconscionable acts . . . by, among other things, failing to properly apply [p]ayments in accordance with [the] contractual requirements." (Am. Compl. ¶ 40.) Plaintiffs again fail to allege basic facts such as what payments were made, which payments were not credited, and the basis for any claim of misapplication. Plaintiffs make only vague legal conclusions that there was a misapplication of payments at some unspecified time, and that such conduct constitutes a violation of the OCSPA. Plaintiffs have not pled "factual content that allows the [C]ourt to draw the reasonable inference that [Litton] is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1955. Accordingly, Count V is dismissed.

## IV. CONCLUSION

The Court notes that Plaintiffs have already amended the complaint once (Doc. 5), and finds that any additional attempts to amend the complaint would be futile.

For the foregoing reasons, Defendant Litton Loan Servicing, LP's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 7) is **GRANTED**. Plaintiffs' Motion for Non-Oral Hearing on Defendant's Motion to Dismiss (Doc. 11) and Motion for Leave to File Brief in Opposition to Defendant's Motion for More Definite Statement (Doc. 15) are **DENIED as MOOT**. This case is **DISMISSED**.

**IT IS SO ORDERED.**

_8-6-2012_  
DATED

EDMUND A. SARGUS, JR.  
UNITED STATES DISTRICT JUDGE

9